E-FILED
Thursday, 30 April, 2026  03:14:37 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| STACIA SUE WILSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-1002-SLD |
| | ) | |
| WARDEN, FCI PEKIN | ) | |
| | ) | |
| Respondent. | ) | |

ORDER

Before the Court is Petitioner Stacia Sue Wilson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).  For the reasons below, the Petition is DENIED.

## I.  LEGAL BACKGROUND

Petitioner's challenge involves the BOP's Risk and Needs Assessment System ("System") that the BOP was required to develop under Section 101 of the First Step Act of 2018 (FSA), Public Law 115-391.  *See* 18 U.S.C. § 3632.  Under the FSA, eligible prisoners earn time credits for participating in "evidence-based recidivism reduction programs" and "productive activities."  18 U.S.C. § 3632(d)(4)(A).  Unlike good conduct time earned under § 3624(b), which is applied to reduce a prisoner's total time in custody, time credits earned under the System for participating in programs and activities "shall be applied toward prerelease custody or supervised release."  18 U.S.C. § 3632(d)(4)(C).  If the prisoner has been sentenced to a term of supervised release, the BOP "may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months."  18 U.S.C. § 3624(g)(3). But, prisoners are only eligible to have FSA credits applied to prerelease custody or supervised release when they meet the requirements under 18 U.S.C. § 3624(g)(1).  Relevant here, § 3624(g)(1)(A) to requires

that a prisoner: "[have]earned time credits under [System] in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment" in order to apply their credits. *Id.*

## II.  FACTUAL BACKGROUND

Petitioner is currently serving a 46-month imprisonment sentence, to be followed by three years of supervised release, imposed by the United States District Court for the Western District of Missouri.  Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on January 5, 2025.  She is contesting the Federal Bureau of Prison's (BOP) calculation of her earned time credits under the FSA, which impacts the date she is eligible to be placed in prerelease custody.  Respondent has filed a response (doc. 4), opposing relief.  Petitioner has not filed a timely reply.

At the time of Respondent's reply, Petitioner's projected release date with both good-time credits under 18 U.S.C. § 3624 and the 195 days of credits under the FSA she had already earned toward supervised release was July 14, 2027.  Respondent also projected that if Petitioner continues to earn FSA credits at the maximum rate, she could be released to early supervised release as early as January 25, 2027.  (The BOP Locator now indicates a release date of May 30, 2027.  *See* Find an Inmate, https://www.bop.gov/inmateloc/ (Reg. No. 14178-511) (last visited April 28, 2026)).  The BOP does not project that Petitioner will earn additional credits that could be applied toward prerelease custody under the FSA.  Petitioner will be eligible for placement under the Second Chance Act (SCA), 18 U.S.C. § 3624(c).  Petitioner has requested home confinement, and due to the length of her sentence, she will be eligible for up to 139 days of home confinement. Accordingly, Petitioner will become eligible for transfer to home confinement on September 8, 2026.

Petitioner's arguments in her Petition are not clear, but she generally alleges that the BOP is not giving her the benefit of both the FSA and SCA.  By her calculations, she believes she should only need to serve 13 months in a prison setting prior to being placed in prerelease custody.  Accordingly, she alleges that she should have been placed in home confinement on November 21, 2025.

## III.  DISCUSSION

Respondent argues that the Petition must be dismissed because her requested relief is not available in a habeas petition and because she has not shown that the BOP has erred in its calculations.  The Court agrees with both points.

### A.  Prerelease Custody Disputes are Not Likely Cognizable in Habeas Proceedings.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A petition for a writ of habeas corpus is the proper action "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody."  *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991).  A "quantum change in the level of custody" includes relief such as "outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation."  *Id*.  On the other hand, "[i]t is well-established that a prisoner who challenges neither the fact nor duration of his confinement but instead challenges the conditions of confinement—such as exclusion from programs and loss of privileges—must do so in an action under 42 U.S.C. § 1983 or another federal statute, not a petition for habeas corpus."  *Williams-Bey v. Buss*, 270 F. App'x 437, 438 (7th Cir. 2008) (collecting cases); *see Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005).  In *Graham,* the Seventh Circuit found that a petitioner was

seeking to be placed on work release was challenging the conditions of confinement, and it did not qualify as a "quantum change in the level of custody." *Graham*, 922 F.2d at 380.

Here, Petitioner has no dispute with Respondent's calculation of her BOP custody release date. Instead, she only disputes when she should be placed in prerelease custody—which may be either home confinement or a residential reentry center. This is not likely cognizable in habeas corpus as it is more akin to placement on work release than a "quantum change in the level of custody." *Graham*, 922 F.2d at 380; *see also Ngon v. Warden FCI-Greenville*, No. 25-CV-1386-JPG, 2026 WL 376812, at *3 (S.D. Ill. Feb. 11, 2026) (concluding that petitioner pled "nothing suggesting a change to community corrections is the kind of quantum change in conditions that would be cognizable under § 2241," but that it is "[i]nstead, . . .a routine placement decision over which this Court has no jurisdiction").

### B. The BOP's Calculations Are Correct Under the Statute.

Moreover, even if the Court does have habeas jurisdiction over this issue, Petitioner has not shown that the BOP has erred in its calculations. Petitioner and Respondent agree that it will take Petitioner the first 27 months of her imprisonment sentence to earn the 12 months of credits for placement in early supervised release.[1] The BOP's documentation indicates that Petitioner's incarceration start date was October 21, 2024. (Doc. 4-1 at 45). With projected good time credits and projected 12 months of early supervised release, she is projected to be released from BOP custody on January 27, 2027. This results in Petitioner only serving 27 months and 6 days in prison. Accordingly, she will use all of her time in BOP custody earning the FSA credits needed for 12 months of early supervised release placement.

---

[1] This is the case because prisoners initially only earn 10 days of credits per month before they can become eligible to earn 15 days of credits. 18 U.S.C. § 3632(d)(4)(A)(i)–(ii).

Petitioner is correct that she may also be placed in prerelease custody for additional time under the Second Chance Act.  *See* 18 U.S.C. § 3624(c).  The BOP has not yet conducted its individualized review to determine how much time should be spend in prerelease custody under that statute, but calculates that the maximum time in home confinement will be 139 days.  So, her earliest possible placement in prerelease custody under the Second Chance Act would be September 8, 2026.  Accordingly, any challenge to that placement decision is premature.

## IV. CONCLUSION

For the reasons above, Petitioner Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) are DENIED.  The Clerk is DIRECTED to issue judgment in favor of respondent and CLOSE the case.

Signed on this 30th day of April 2026.

/s/ Sara Darrow
Sara Darrow
United States District Judge